UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

NATIONAL INSTITUTE OF FAMILY
AND LIFE ADVOCATES, GIANNA'S
HOUSE, INC., and CHOOSE LIFE OF
JAMESTOWN, INC. d/b/a OPTIONS
CARE CENTER,

      Plaintiffs,

   v.

LETITIA JAMES, in her official
capacity as Attorney General of the
State of New York,

      Defendant.
_____

24-CV-514 (JLS)

SUMMIT LIFE CENTER, INC., a New
York not-for-profit corporation; and
THE EVERGREEN ASSOCIATION,
INC., a New York not-for-profit
corporation, d/b/a EXPECTANT
MOTHER CARE and EMC
FRONTLINE PREGNANCY
CENTERS,

      Plaintiffs,

   v.

LETITIA JAMES, in her official
capacity as Attorney General of the
State of New York,

      Defendant.
_____

24-CV-741 (JLS)

Before the Court are motions to consolidate the above actions. *See* 24-cv-514, Dkt. 32; 24-cv-741, Dkt. 3. The motions are granted.

A "court may consolidate 'actions before the court [that] involve a common question of law or fact.'" *Curtiss v. United States*, 778 F. App'x 56 (2d Cir. 2019) (quoting Fed. R. Civ. P. 42(a)). The district court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). *See also Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases"). In "the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d at 1285. But "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* More specifically, when "exercising its discretion, the court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Here, the actions involve common questions of fact and law. Both actions relate to Defendant's alleged attempt to chill Plaintiffs' speech about abortion pill reversal ("APR") protocol. And both cases are in the early stages of litigation—answers have not been filed and discovery has not begun. Consolidation will obviate the need for duplicative proceedings and, therefore, will promote judicial

2

economy. Further, no party will be prejudiced by consolidation.[1] In sum, upon consideration of all the relevant factors, consolidation is warranted.

## ORDER

IT HEREBY IS ORDERED that case numbers 24-cv-514 and 24-cv-741 are consolidated as case number 24-cv-514; and it is further

ORDERED that all papers previously filed in case number 24-cv-741 shall be deemed filed in case number 24-cv-514; and it is further

ORDERED that, going forward, **all filings in the consolidated action shall be filed in case number 24-cv-514**; and it is further

ORDERED that the complaint filed in 24-cv-741 (Dkt. 1) is deemed supplemental to the complaint in case number 24-cv-514 (Dkt. 1); and it is further

ORDERED that this Order shall not affect the [36] Decision and Order on the motion for a preliminary injunction issued in 24-cv-514; nor shall if affect the status of, or schedule for, the pending [4] motion for a preliminary injunction filed in 24-cv-741; and it is further

ORDERED that the Clerk of the Court shall administratively terminate case number 24-cv-741; and it is further

---

[1] Defendant "takes no position" as to consolidation. *See* Dkt. 24-cv-514, Dkt. 24; Dkt. 24-cv-741, Dkt. 7. The non-moving Plaintiffs (National Institute of Family and Life Advocates, Gianna's House, Inc. and Choose Life of Jamestown, d/b/a/ Options Care Center) "do not oppose consolidation if it does not delay or prejudice their ability to pursue their own interests and legal strategy in discovery and briefing." *See* Dkt. 24-cv-514, Dkt. 36.

ORDERED that the Clerk of Court shall amend the caption of the consolidated action as follows:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATIONAL INSTITUTE OF
FAMILY AND LIFE ADVOCATES,
GIANNA'S HOUSE, INC.,
CHOOSE LIFE OF JAMESTOWN,
INC. d/b/a OPTIONS CARE                           24-CV-514 (JLS)
CENTER, SUMMIT LIFE
CENTER, INC., a New York not-for-
profit corporation, THE
EVERGREEN ASSOCIATION,
INC., a New York not-for-profit
corporation, d/b/a EXPECTANT
MOTHER CARE, and EMC
FRONTLINE PREGNANCY
CENTERS,

      Plaintiffs,

v.

LETITIA JAMES, in her official
capacity as Attorney General of the
State of New York,

      Defendant.

_____

SO ORDERED.

Dated:    August 26, 2024
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE