UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUMMIT LIFE OUTREACH CENTER INC., a
New York not-for-profit corporation; and THE
EVERGREEN ASSOCIATION, INC, a New York
not-for-profit corporation d/b/a/ EXPECTANT
MOTHER CARE and EMC FRONTLINE
PREGNANCY CENTERS,

       Plaintiffs,

  vs.

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York.

       Defendant.

**ANSWER**

Case No. 24-cv-00514-JLS

---

    Defendant Letitia James, in her official capacity as Attorney General of the State

of New York sets forth her answer to the allegations in the Summit Life Outreach Center Inc.,

and the Evergreen Association, Inc. complaint ("Complaint") as follows:

    1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint. Paragraph 1 cites to Rachel Jones &

Amy Friedrich-Karnik, Guttmacher Inst., *Medication Abortion Accounted for 63% of All U.S.*

*Abortions in 2023—An Increase from 53% in 2020* (Mar. 2024); and U.S. Census Bureau,

American Community Survey: Buffalo, New York (2022). Those documents speak for themselves

and provide the best evidence of their contents. To the extent a further response is required,

Defendant denies the allegations contained in paragraph 1 of the Complaint.

    2.  Paragraph 2 cites to Mifeprex Drug Approval Package, Pharmacology Review(s),

U.S. Food & Drug Admin. (Sept. 28, 2000). That document speaks for itself and provides the best

evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 cites to Grattan Brown & Matthew Harrison, *Undoing Mifepristone Abortion for the First Time* (Apr. 12, 2023); and Crystal Kupper, *Reversal of Fortunes*, Daily Citizen (Sept. 18, 2015). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

4.      Paragraph 4 cites to Testimony of Matthew Harrison, M.D. to Idaho Senate State Affairs Cmte. (Feb. 12, 2018); and Kim Hayes, *First Doctor to Deliver a Baby Rescued from Abortion Pill Has a Heart for Life*, Pregnancy Help News (Dec. 29, 2020). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Paragraph 5 cites to Ary A. Haspels, *Interruption of Early Pregnancy by an Anti-Progestational Compound, RU 486*, 20 Eur. J. Obstet. Gynec. Reprod. Biol. 169 (1985); and B.H. Lim, et al, *Normal Development After Exposure to Mifepristone in Early Pregnancy*, 336 The Lancet 257, 257-58 (1990).Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 cites to Ruth Graham, *A New Front in the War over Reproductive Rights: 'Abortion-Pill Reversal'*, N.Y. Times Mag. (July 18, 2017). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Paragraph 7 cites to Planned Parenthood of Central and Western New York, Inc.,

Abortion Cost, https://www.raecanhelp.org/abortion-cost/; and U.S. Census Bureau, American Community Survey: Buffalo, New York, Earnings in the Past 12 Months (2022). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     Paragraph 8 cites to Planned Parenthood of Greater New York, Ask the Experts: Can the Abortion Pill Be Reversed After You Have Taken It?, (Sept. 14, 2017), https://perma.cc/6Z2D-5EJD. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Paragraph 9 cites to New York State Board of Elections, Public Reporting System: Contributions by Recipient, https://tinyurl.com/4e328rk2; Planned Parenthood of Central & Western New York, Ask Rae: Abortion FAQs – General Abortion Questions, https://www.raecanhelp.org/faq/; Planned Parenthood, *What Are Crisis Pregnancy Centers?* (Nov. 4, 2021); NARAL Pro-Choice America, *Crisis Pregnancy Centers Lie 2* (2015); and Letitia James, *How New York Protects Your Right to Reproductive Health Care*, https://perma.cc/2EZ3-8NPZ. Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 cites to Letter from Letitia James to Halimah DeLaine Prado, Google General Counsel (June 28, 2022); Rob Bonta, et al., Open Letter from Attorneys General Regarding CPC Misinformation and Harm (Oct. 23, 2023); NY AG James, Twitter.com (May 3, 2022); id. (Aug. 16, 2022); Brief for New York, et al. as Amici Curiae Supporting Petitioners, FDA v. Alliance for Hippocratic Medicine, 602 U.S. 367 (2024), No. 23-236; Brief for California,

New York, et al. as Amici Curiae Supporting Respondent, Moyle v. United States, 2024 LEXIS 2849 (June 27, 2024), No. 23-726; and NY AG James, Twitter.com (May 3, 2022), https://perma.cc/P6VE-3WQK. Those sources speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 cites to Martin Luther King, Jr., *Letter from Birmingham Jail* (1963); Hannah Arendt, *The Origins of Totalitarianism* 341-44 (1951). Those sources speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 cites a Notice of Intention to Sue, attached as Exhibit A to the Complaint. That document speaks for itself and provides the best evidence of its contents. Defendant admits that on April 22, 2024, Defendant sent via certified mail notices of intention to sue to the entities named in those notices and that Notice of Intention to Sue, attached as Exhibit A to the Complaint, is one of those notices of intention to sue. To the extent a further response is required, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. As to the allegations contained in paragraph 13 of the Complaint which are legal conclusions, Defendant neither admits nor denies those allegations. Defendant respectfully refers the Court to the legal authorities cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. Paragraph 13 also appears to refer to Notice of Intention to Sue, attached as Exhibit A to the Complaint. That document speaks for itself and provides the best evidence of

its contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that on April 30, 2024, a lawsuit was filed against Defendant in Supreme Court of the State of New York, Monroe County, by recipients of notices of intention, *see Heartbeat International, Inc. et al. v. James*, Index No. E2024007242, and that the lawsuit was subsequently transferred to Supreme Court of the State of New York, New York County, *see Heartbeat International, Inc. et al. v. James*, Index No. 452376/2025, NYSCEF Doc. No. 50 (Court Notice). Defendant otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that on May 6, 2024, Defendant filed a lawsuit in Supreme Court of the State of New York, New York County, *see State v. Heartbeat International, Inc.*, Index No. 451314/2024. Defendant admits that Defendant appealed Supreme Court of the State of New York, Monroe County's decision consolidating this lawsuit with *Heartbeat International, Inc. et al. v. James*, Index No. E2024007242, and placing venue in Supreme Court of the State of New York, Monroe County, and that Defendant's appeal was successful and resulted in the transfer of the consolidated action to Supreme Court of the State of New York, New York County, where it is pending as of the date of this answer. Defendant otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. As to the allegations contained in paragraph 16 of the Complaint that are legal conclusions, Defendant neither admits nor denies those allegations. Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any

other wrongdoing. Paragraph 16 also appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint is a statement of the proceeding that does not require a response.  To the extent the allegations therein could be construed to assert wrongdoing by Defendant, they are denied.

18.     The allegations contained in paragraph 18 of the Complaint constitute allegations with respect to jurisdiction, to which a response is not necessary. To the extent the allegations therein could be construed to assert wrongdoing by the Defendant, they are denied.

19.     The allegations contained in paragraph 19 of the Complaint constitute allegations with respect to jurisdiction, to which a response is not necessary. To the extent the allegations therein could be construed to assert wrongdoing by the Defendant, they are denied.

20.     As to the allegations contained in paragraph 20 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

21.     As to the allegations contained in paragraph 21 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its

contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

22.     As to the allegations contained in paragraph 22 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

23.     The allegations contained in paragraph 23 of the Complaint constitute allegations with respect to venue, to which a response is not necessary. To the extent the allegations therein could be construed to assert wrongdoing by the Defendant, they are denied.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint. Paragraph 25 cites to Summit Life Center Inc., Free Services, https://summitlifecenter.com/free-services; Rachel Stevens, *Baby Shower Supports Summit Life Center*, Niagara County Tribune-Sentinel 5 (Feb. 9, 2024). Those documents speak for themselves and provide the best evidence of their contents.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint. Paragraph 27 of the Complaint cites

7

to Planned Parenthood of Central and Western New York, Inc., Niagara Falls Office, Insurance and Payments, https://perma.cc/B43H-VVLV. That document speaks for itself and provides the best evidence of its contents.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint. Paragraph 28 cites to Summit Life Outreach Center: IRS Form 990, at 1 (2023), https://perma.cc/4HAK-RJ9S. That document speaks for itself and provides the best evidence of its contents.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint that "Summit fears that James might also target it." Paragraph 29 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint that "Summit would immediately begin to provide information to the public about the science, safety, and effectiveness of APR." As to the allegations contained in paragraph 31 of the Complaint which are legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 regarding Summit's "religiously motivated mission of giving local women who wish to give birth the information and resources they need and oftentimes cannot secure from any other source." As to the allegations contained in paragraph 32 of the Complaint which are legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint. Paragraph 34 cites to The Evergreen Association: IRS Form 990, at 2 (Mar. 24, 2024); and Group Hopes to Deliver 1M Diapers Across Tri-State, News 12 Westchester (Apr. 23, 2020). Those documents speak for themselves and provide the best evidence of their contents.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint. Paragraph 36 cites to Expectant Mother Care-EMC FrontLine Pregnancy Centers, Facebook.com (Apr. 22, 2024). That document speaks for itself and provides the best evidence of its contents.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint that "Evergreen has since refrained from making any further statements about the safety or effectiveness of APR" and that "Evergreen

would immediately resume its communications about the science, safety, and effectiveness of APR." As to the allegations contained in paragraph 37 of the Complaint which are legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint regarding Evergreen's "religiously motivated mission of giving women who wish to give birth the information and resources they need and oftentimes cannot secure from any other source." As to the allegations contained in paragraph 37 of the Complaint which are legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

39.     Paragraph 39 cites to N.Y.S. Bill No. 10148-A (May 4, 2022); Deanna Paul, New York Attorney General Pushes for State Abortion Fund, Wall St. J. (May 9, 2022); Grace Ashford, New York Lawmakers Push for Abortion Fund to Establish 'Safe Harbor,' N.Y. Times (May 9, 2022); NY AG James, Twitter.com (Mar. 26, 2024). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Paragraph 40 cites to *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017); Elisa Shearer, et al., Pew Research Center, *How Americans Get News on TikTok, X, Facebook and Instagram* (June 12, 2024); and Pew Research Center, *Social Media and News Platform Fact Sheet* (Nov. 15, 2023). Those sources speak for themselves and provide the best evidence of their

contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Paragraph 41 cites to NY AG James, Twitter.com (May 3, 2022); id. (Mar. 9, 2023); and id. (Aug. 25, 2022). Those sources speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Paragraph 42 cites to NY AG James, https://perma.cc/P6VE-3WQK. That source speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Paragraph 43 cites to Kimiko de Freytas-Tamura, *Anti-Abortion Centers Prepare for a Post-Roe World*, N.Y. Times, at L1 (June 25, 2022). That source speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Paragraph 44 cites to NY AG James, Twitter.com (May 3, 2022); id. (Aug. 16, 2022); and Brief for New York, et al. as Amici Curiae Supporting Petitioners, *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), No. 23-236. Those sources speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Paragraph 45 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Paragraph 46 cites to NY AG James, Twitter.com (May 21, 2024); id. (May 11, 2024); and id. (May 6, 2024).  Those sources speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Paragraph 47 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Paragraph 48 cites Susan Jaffe, *Drug Developers Caution Against US Mifepristone Ban*, 401 The Lancet 132526 (2023). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 cites to Maarit Niinimaki, et al., *Immediate Complications After Medical Compared with Surgical Termination of Pregnancy*, 114 Obstet. Gynecol. 795, 795 (2009). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Paragraph 50 cites Emily, *Ask the Experts: Can the Abortion Pill Be Reversed After You Have Taken It?,* (Sept. 14, 2017), https://perma.cc/6Z2D-5EJD. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     As to the allegations contained in paragraph 51 of the Complaint, Defendant neither admits nor denies the allegations that contain legal conclusions.  Defendant respectfully refers the

Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. Paragraph 51 also cites George Delgado, et al., *A Case Series Detailing the Successful Reversal of the Effects of Mifepristone Using Progesterone*, 33 Issues in L. & Med. 21, 21-31 (Spring 2018). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Paragraph 53 cites to Gian Carlo De Renzo, et al., *Progesterone: History, Facts, and Artifacts*, 69 Best Pract. & Res. Clinical Obstetrics & Gynecology 78 (2020); "Drug Approval Package," Prometrium (Progesterone) Capsules, Application No. 020843, FDA (approved Dec. 26, 1998); and FDA, Center for Drug Evaluation and Research, Application No. NDA 2-843, at 4 (Feb. 25, 1998). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     As to the allegations contained in paragraph 54 of the Complaint, Defendant neither admits nor denies the allegations that contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. Defendant denies the remaining allegations contained in paragraph 54 of the Complaint.

13

55.     Paragraph 55 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint. Paragraph 56 cites to Dominique L. Cope & Diana Monsivaid, *Progesterone Receptor Signaling in the Uterus Is Essential for Pregnancy Success*, 11 Cells 1474 (2022); and Cleveland Clinic, Progesterone (Dec. 29, 2022). Those documents speak for themselves and provide the best evidence of their contents.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint. Paragraph 57 cites to Omar Mansour, et al., *Prescription Medication Use During Pregnancy in the United States from 2011 to 2020: Trends and Safety Evidence*, Am. J. of Obstet. & Gynec. (in press) (published online Dec. 19, 2023), https://tinyurl.com/5bep25c3; and A.I. Csapo & A. Pinto-Dantas, *The Effect of Progesterone on the Human Uterus*, 54 Proc. of the Nat'l Acad. of Scis. 1069 (1965). Those documents speak for themselves and provide the best evidence of their contents.

58.     Defendant admits that the medication abortion regimen approved by the Federal Drug Administration consists of mifepristone and misoprostol.  Paragraph 58 cites to Nat'l Libr. of Med., *Drug Label Information: Mifepristone Tablet*, https://tinyurl.com/kzn66wvf (Mar. 30, 2023). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Paragraph 59 cites to Daniel Grossman, et al., *Continuing Pregnancy After Mifepristone and Reversal of First-Trimester Medical Abortion*, 92 Contraception 206, 210 (2015). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Paragraph 60 cites to Maarit Niinimaki, et al., *Immediate Complications After Medical Compared with Surgical Termination of Pregnancy*, 114 Obstet. Gynecol. 795, 795 (2009). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Paragraph 61 cites to Mifeprex Drug Approval Package, Pharmacology Review(s), U.S. Food & Drug Admin. pp. 16-17 (Sept. 28, 2000). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Paragraph 63 refers to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. Paragraph 63 also cites to Mitchell D. Creinin & Melissa J. Chen, *Mifepristone Antagonization Requires Real Studies to Evaluate Safety and Efficacy*, 100 Contraception 427, 429 (2019). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 63 of the Complaint.

15

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Paragraph 65 cites to John W. Pelley, *Elsevier's Integrated Review Biochemistry* 33-34 (2d ed. 2011). That source speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Paragraph 66 cites to S. Yamabe, et al., *The Effect of RU486 and Progesterone on Luteal Function During Pregnancy*, 65 Nihon Naibunpi Gakkai Zasshi 497 (1989); and Christina Camilleri & Stephen Sammut, *Progesterone-Mediated Reversal of Mifepristone-Induced Pregnancy Termination in a Rat Model: An Exploratory Investigation*, 12 Sci. Rep. 10942 (2023). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 cites to Mitchell D. Creinin, MD, et al., *Mifepristone Antagonization with Progesterone to Prevent Medical Abortion*, 135 Obstet. & Gynec. 158 (2020); FDA, Warning Letter to Mitchell D. Creinin, MD (June 12, 2002); and Mitchell Creinin, *A Randomized Trial of Mifepristone Antagonization with High-Dose Progesterone to Prevent Medical Abortion: Study Protocol and Statistical Analysis Plan* 5 (July 18, 2019), https://perma.cc/DKP8-RSXY. Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Paragraph 68 cites to George Delgado, et al., *A Case Series Detailing the Successful Reversal of the Effects of Mifepristone Using Progesterone*, 33 Issues L. & Med. 21 (2018);

Deborah Garratt & Joseph V. Turner, *Progesterone for Preventing Pregnancy Termination After Initiation of Medical Abortion with Mifepristone*, 22 Eur. J. Contracept. Reprod. Health Care 472 (2017); and George Delgado & Mary L. Davenport, *Progesterone Use to Reverse the Effects of Mifepristone*, 46(12) Ann. Pharmacother. e36 (2012). Those documents speak for themselves and provide the best evidence of their contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.     Paragraph 69 cites to Paul L.C. DeBeasi, *Mifepristone Antagonization with Progesterone to Avert Medication Abortion*, 90(4) Linacr. Q. 395 (2023). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the complaint of the Complaint. Paragraph 70 cites to results from a "Boolean search of research articles published 2000-2024 of 'case series' NOT 'clinical trial' NOT 'trial,'" attached as Exhibit B to the Complaint. That document speaks for itself and provides the best evidence of its contents.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the complaint of the Complaint. Paragraph 71 cites to Leah Esposito, et al., *Mifepristone-Misoprostol Combination Treatment for Early Pregnancy Loss After Embryo Transfer: A Case Series*, 4 F & S Reports 93 (Mar. 2023); and Jillian T. Henderson, et al., *Safety of Mifepristone Abortions in Clinical Use*, 72 Contraception 175, 175 (2005). Those documents speak for themselves and provide the best evidence of their contents.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint. Paragraph 72 cites to ACOG,

17

Clinical Practice Guideline No. 8 (Jan. 2024); ACOG, Committee Opinion No. 682; ACOG, Committee Opinion No. 614; ACOG, Practice Bulletin No. 225; and ACOG, Obstetric Care Consensus No. 7. Those documents speak for themselves and provide the best evidence of their contents.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint. Paragraph 73 cites to Am. Ass'n. of Pro-Life Obstetricians & Gynecologists, 2019 AAPLOG Position Statement on Abortion Pill Reversal, https://perma.cc/6RRC-GE2K. That document speaks for itself and provides the best evidence of its contents.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Paragraph 75 appears to refer to Expectant Mother Care-EMC FrontLine Pregnancy Centers, Facebook.com (Apr. 22, 2024), cited in paragraph 36 of the Complaint. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 75 of the complaint.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the complaint regarding "Plaintiff Evergreen['s] wishes to continue endorsing APR on its public communications on social media including Facebook." Paragraph 76 cites to Expectant Mother Care- EMC FrontLine Pregnancy Centers, Facebook.com (May 17, 2024). That document speaks for itself and provides the best evidence of their contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 76 of the Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the complaint that "Plaintiffs Summit and

18

Evergreen both wish to link their respective websites to scientific studies supporting APR on their websites, but dare not do so." Paragraph 77 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024), NYSCEF Doc. No. 1. That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 77 of the Complaint.

78.     As to the allegations contained in paragraph 78 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the complaint regarding "the statements Plaintiffs wish to make regarding APR." As to the allegations contained in paragraph 79 of the Complaint that contain legal conclusions, Defendant neither admits nor denies those allegations.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint

81.     As to the allegations contained in paragraph 81 of the Complaint which contain legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that

Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 81 of the Complaint

82.　As to the allegations contained in paragraph 82 of the Complaint which contain legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 82 of the complaint.

83.　As to the allegations contained in paragraph 83 of the Complaint which contain legal conclusions, Defendant neither admits nor denies these allegations. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing. To the extent a further response is required, Defendant denies the remaining allegations contained in paragraph 83 of the Complaint.

84.　As to the allegations contained in paragraph 86 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

85.　Paragraph 85 of the Complaint is a statement of the proceeding that does not require a response.  To the extent the allegations therein could be construed to assert wrongdoing by Defendant, they are denied.

86.     As to the allegations contained in paragraph 86 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

87.     As to the allegations contained in paragraph 87 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

88.     As to the allegations contained in paragraph 88 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

89.     As to the allegations contained in paragraph 89 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed

any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

90.     With respect to paragraph 90 of the Complaint, Defendant restates and realleges all previous responses.

91.     As to the allegations contained in paragraph 91 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

92.     As to the allegations contained in paragraph 92 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint. As to the allegations contained in paragraph 93 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

94.     As to the allegations contained in paragraph 94 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

95.     As to the allegations contained in paragraph 95 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

96.     Paragraph 96 appears to refer to the complaint in *State v. Heartbeat International, Inc.*, Index No. 451314/2024 (Sup. Ct., New York Cty., May 6, 2024). That document speaks for itself and provides the best evidence of its contents. To the extent a further response is required, Defendant denies the allegations contained in paragraph 96.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     As to the allegations contained in paragraph 98 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authorities cited therein as the best evidence and most accurate version of their contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

99.     As to the allegations contained in paragraph 99 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrondoing.

23

100.    As to the allegations contained in paragraph 100 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

101.    As to the allegations contained in paragraph 101 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

102.    As to the allegations contained in paragraph 102 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

103.    As to the allegations contained in paragraph 103 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

104.    As to the allegations contained in paragraph 104 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

105.    As to the allegations contained in paragraph 105 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that

Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

106. With respect to paragraph 106 of the Complaint, Defendant restates and realleges all previous responses.

107. As to the allegations contained in paragraph 107 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

109. As to the allegations contained in paragraph 109 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

110. As to the allegations contained in paragraph 110 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

111. As to the allegations contained in paragraph 111 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant respectfully refers the Court to the legal authorities cited therein as the best evidence and most accurate version of their contents and denies any provision inconsistent therewith, and denies that Defendant

committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

112.   As to the allegations contained in paragraph 112 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authorities cited therein as the best evidence and most accurate version of their contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

113.   As to the allegations contained in paragraph 113 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

114.   As to the allegations contained in paragraph 114 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

115.   As to the allegations contained in paragraph 115 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

116.   With respect to paragraph 116 of the Complaint, Defendant restates and realleges all previous responses.

117.    As to the allegations contained in paragraph 117 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

118.    As to the allegations contained in paragraph 118 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

119.    As to the allegations contained in paragraph 119 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, or case law, or committed any other wrongdoing.

120.    As to the allegations contained in paragraph 120 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions.  Defendant respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any provision inconsistent therewith, and denies that Defendant

committed any action contrary to constitutional, federal, statutory, regulatory, case law, or committed any other wrongdoing.

121.    As to the allegations contained in paragraph 121 of the Complaint, Defendant neither admits nor denies the allegations as they contain legal conclusions. Defendant denies that Defendant committed any action contrary to constitutional, federal, statutory, regulatory, case law, or committed any other wrongdoing.

122.    With respect to the "PRAYER FOR RELIEF" clause of the Complaint, Defendant denies that the Plaintiff is entitled to any declaratory, injunctive, compensatory, punitive or any other relief.

123.    Defendant denies any other allegation in the complaint not specifically responded to above.

## DEFENSES

124.    The complaint fails to state a claim upon which relief can be granted, at least in part.

125.    Each of Plaintiffs' causes of action, separately and conjunctively, are barred by the Court's lack of subject matter jurisdiction over Plaintiffs' claims.

126.    Each of Plaintiffs' causes of action, separately and conjunctively, are not ripe for resolution by this Court.

127.    Each of Plaintiffs' causes of action, separately and conjunctively, are barred against the Attorney General for lack of standing.

128.    Each of Plaintiffs' causes of action, separately and conjunctively, are barred against the Attorney General by the doctrines of estoppel, waiver, and/or laches.

129.    Each of Plaintiffs' causes of action, separately and conjunctively cannot meet the standard for an injunction.

130.    Each of Plaintiffs' causes of action and pleas for relief, separately and conjunctively, are barred against the Attorney General due to sovereign immunity, except in so far as the relief request is consistent with *Ex Parte Young*, 209 U.S. 123 (1908).

131.    Defendant hereby demands a trial by jury.

**WHEREFORE,** Defendant respectfully asks that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall deem just and equitable.

DATED:     Buffalo, New York
           June 15, 2026

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendant

                                        BY: */s/ Daniel R. Maguire*
                                        DANIEL R. MAGUIRE
                                        Assistant Attorney General, of Counsel
                                        350 Main Street
                                        Main Place Tower, Suite 300A
                                        Buffalo, New York 14202
                                        (716) 853-8419
                                        daniel.maguire@ag.ny.gov